IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT ARBUCKLE, #14006-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv632<br>CRIMINAL ACTION NO. 4:06cr198 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant has filed objections.

In his objections, Movant objects to (1) the Magistrate Judge's determination of credibility at the evidentiary hearing and (2) the recommendation for denial of a certificate of appealability.

Credibility Issues

Movant specifically complains that the Magistrate Judge abused his discretion (1) in finding the testimony of court-appointed Gerald Cobb to be credible, (2) in finding the issue of a forgery of signature on the plea agreement to be without merit, (3) in finding the testimony of the Agents, Gonzalez, and Cobb to be more credible than the Petitioner or his witnesses, and (4) in concluding that the Petitioner was not induced to enter into a guilty plea based upon unfulfilled promises.

Movant concedes that the court acknowledged the testimony of defense witness Wendy Carlson, the document expert. However, he complains that the court ignored the evidence and found

1

that Cobb was credible. Specifically, Cobb testified that, based on one of his time slips, Movant signed the motion to withdraw his plea agreement on September 9, 2007. Later, Cobb testified that it was signed on September 7, 2007: "That's when – that's when he - that's when he signed it. That's when I took it over there." Movant concludes that the question becomes, "if Petitioner signed the document and Cobb filed the document, why is there a forgery of Petitioner's signature on the document?" Movant notes that the visitor's log shows that Cobb visited Movant on August 9, 2007, which is the date Petitioner testified that Cobb brought the motion to withdraw for him to sign. A review of the document shows that Movant's signature appears to be cut and pasted. There is a discrepancy between the date Movant said he signed the motion, and the date that Cobb said Movant signed it and/or the date that Cobb said he filed it. But Movant still has not shown how this makes a difference to his case. It is not unusual for there to be some discrepancies in dates, but Movant has failed to show that the Magistrate Judge abused his discretion.

Each witness testifying for the Government stated that either (1) Movant had been untruthful in their questioning of him, or (2) that he was known for his untruthful reputation. The Report and Recommendation shows that the court viewed and assessed the demeanor of witnesses. The demeanor of the witnesses, combined with their possible motivations, were weighed for credibility. In determining the credibility of a witness, the fact-finder closely observes the witness, as demeanor is a critical factor therein. The Magistrate Judge obviously did this when he heard each of the witnesses' testimony and viewed and assessed their demeanor. Furthermore, there was direct testimony at the hearing concerning Movant's propensity to be untruthful. While the Magistrate Judge did not specifically find Movant's parents to be uncredible, their motivation in assisting in their son's case was considered. "One of the most important principles in our judicial system is the

2

deference given to the finder of fact who hears the live testimony of witnesses because of his opportunity to judge the credibility of those witnesses." *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) (citing Fed. R. Civ. P. 52(a); *United States v. Oregon Medical Society*, 343 U.S. 326, 339, 72 S. Ct. 690, 698, 96 L. Ed.2d 978 (1952)). Movant has failed to show that the Magistrate Judge abused his discretion in finding the testimony of Gerald Cobb to be credible. *Id*.

Movant next complains that the Magistrate Judge erred in finding the issue of a "forgery" of Movant's signature not to be central to this case. Movant claims that neither Cobb nor the second court-appointed counsel, Mark Perez, provided to him a copy of the motion to withdraw his guilty plea. He complains that Perez failed to review and correct the motion, and then failed to subpoena Cobb to testify. He claims that he and his parents were prevented from testifying at the motion to withdraw hearing. In essence, it appears that his chief complaint is that, by counsel's alleged failure to file a motion to withdraw his guilty plea earlier, his case was prejudiced. He claims that the motion to withdraw filed in his case was a different version than the one he signed, evidenced by the tampered signature block. Finally, he argues that Cobb had the motion sealed in an attempt to cover up the false promises that he made to Movant to coerce him into pleading guilty.

The proper standard for showing prejudice requires Movant to show that there is a reasonable probability that, but for counsel's alleged deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 674 (1984). The Court of Appeals for the Fifth Circuit reviewed the district court's decision to deny Movant's motion to withdraw his guilty plea in light of all of the factors stated under *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). *Arbuckle*, 390 F. App'x at 415. Factors considered include (1) whether or not the defendant has asserted his innocence, (2) whether or not

the government would suffer prejudice if the withdrawal motion were granted, (3) whether or not the defendant has delayed in filing his withdrawal motion, (4) whether or not the withdrawal would substantially inconvenience the court, (5) whether or not close assistance of counsel was available, (6) whether or not the original plea was knowing and voluntary, and (7) whether or not the withdrawal would waste judicial resources, and as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading or the reasons why a defendant delayed in making his withdrawal motion. *Carr*, 740 F.2d at 343-44. The Fifth Circuit found no abuse by the district court. *Id*. at 416-19. The district court considered the fact that counsel did not file the motion to withdraw his plea as soon as Movant alleges he should have filed it. At his motion-to-withdraw hearing, Movant was able to make the same claims that he alleges counsel failed to include in the filed motion to withdraw. The district court, however, after considering the *Carr* factors, denied his motion and the Fifth Circuit, in its review, found no abuse.

A review of the criminal case shows that many documents were filed under seal, both by the Government and by the defense. As a matter of course at the Clerk's Office, plea agreements and any filings with a plea agreement attached are sealed for the protection of the defendant. Attached to Movant's motion to withdraw his guilty plea was a copy of his plea agreement. Thus, the motion was sealed. The court notes that Movant has not shown that he even attempted to obtain a copy of the filed motion to withdraw from the Clerk's office prior to the filing of the instant habeas case. He also has not provided a copy of the alleged first motion to withdraw. A review of the record shows that the alleged first motion to withdraw was not filed. Absent evidence in the record, this court is unable to consider conclusory claims. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v.*

4

*Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982). In sum, Movant has failed to show that the outcome of his case would have been different absent counsel's alleged deficient performance. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 1068. Movant has failed to show that the Magistrate Judge abused his discretion.

This court further notes that Movant raised the "forgery" issue for the first time at the evidentiary hearing. He did not raise this issue in his original § 2255 motion. He did not ask the court for leave to raise a new issue. Claims raised for the first time outside of the original motion or without leave of the court in an amended motion, need not be considered by the Court. *See Marroquin v. United States*, No. 3:08-CV-0489, 2009 WL 89242, at *4 (N.D. Tex. January 12, 2009) (citing *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) (new claims raised for the first time in a Reply need not be considered by the court); *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues in a § 2255 Reply after the Government filed its Response). Movant did not seek leave to raise new claims after the Government filed its Response. Accordingly, by presenting the "forgery" claim for the first time after the Government had filed its Response, Movant has waived the claim. *Id*. This objection is without merit for this additional reason.

Movant next argues that the Magistrate Judge abused his discretion in concluding that the testimony of the Agents, AUSA Ernest Gonzalez, and Gerald Cobb were more credible than Movant or his witnesses. Much of this has already been discussed. However, Movant now argues that only Cobb had a reason to lie on the witness stand as it was Cobb who lied to Movant in an attempt to coerce him into pleading guilty. The court notes that Movant has not shown a motivation for Cobb to lie and coerce Movant into pleading guilty. More importantly, Cobb did not create either the first

5

or the second plea agreement. The U.S. Attorney's Office prepared both documents. AUSA Gonzalez testified that the only difference between the two plea agreements concerned the second count charged. Gonzalez testified that the new plea agreement was issued because the Government was concerned that the second count of aggravated identity theft may not allow for the forfeiture of the assets outlined in the plea agreement. Knowing that conspiracy to commit money laundering allowed for such forfeiture, the new plea agreement was created. The agreed-upon sentence did not change. Gonzalez testified that no promises other than those contained in the filed plea agreement were ever made. He testified that the only change between the two plea agreements was changing the second count from aggravated identity theft to conspiracy to commit money laundering. Contrary to Movant's assertions, this was the core substance of Gonzalez's testimony. This testimony does not contradict Cobb's testimony. This objection is without merit.

Movant also complains that the Magistrate Judge failed to determine the credibility of Movant's former habeas counsel, James Drummond. In his affidavit, Drummond states that he had a phone conversation with Cobb wherein he asked if Cobb would file an affidavit covering several statements. The statements to which Drummond asked Cobb to execute an affidavit were:

1. On June 2, 2007, Mr. Cobb was contacted by Assistant US Attorney Ernest Gonzalez with a last minute plea offer for Mr. Arbuckle two days prior to the start of the fourth scheduled trial.

2. Mr. Gonzalez made certain oral promises in return for Mr. Arbuckle's acceptance of the last minute plea offer.

3. Mr. Cobb contacted Mr. Arbuckle's parents, Robert W. And Patricia Arbuckle, with the last minute plea offer and asked them if they

>    would meet with [Movant] to find out if [he] was willing to accept the plea.
>
> 4. Mr. Cobb met with Mr. Arbuckle the night of June 3rd, 2007 and brought a document for him to sign accepting the plea. The Court did have Mr. Arbuckle sign another document the next day at court, which was June 4, 2007.

Cobb never filed the affidavit. However, each of these statements are uncontroverted. Drummond did not list in his affidavit what "certain oral promises" were made by the Government in exchange for Movant's plea.

At the evidentiary hearing, Drummond attempted to clarify this issue by stating that Cobb discussed that Movant would have the opportunity work with the Secret Service assisting in the apprehension of cyber criminals. This information is also not at issue. It is clear that Movant was going to be given the opportunity to be honest with the federal agents, and if found to be so, would have an opportunity to work with them and perhaps receive a reduction in sentence. However, it is also clear that Movant was found to be dishonest, and federal agents would not allow him to work with them. At the hearing, Drummond did not have a clear recollection of details, but said that Cobb told him that if he was able to work with the federal agents, he might be in prison "for a little while and then be released to work with the Federal Agents in D.C." On cross examination, Drummond clarified that Cobb told him that Movant would not be spending much physical time in a BOP facility, but would be allowed to work with federal agents, further noting, "I don't think anything specific was ever mentioned to me about where he would be housed." Drummond also said that this agreement would not be reduced to writing. Furthermore, Drummond testified that his information

7

was gained from what was told to him by Movant and Movant's parents. He stated that he outlined statements in his conversation with Cobb, and Cobb did not disagree with the statements. Drummond clarified, "But he didn't himself say very much to me." In sum, Drummond's testimony was not particularly enlightening. Movant has failed to show that the Magistrate Judge abused his discretion in credibility determinations. This objection is without merit.

Finally, Movant argues that the Magistrate Judge erred in concluding that Movant was not induced or coerced into pleading guilty based upon his attorney's unfulfilled promises. As was noted, in addition to the knowing and voluntary statement in his plea agreement, Movant stated at his plea hearing that he was satisfied that there were no valid defenses to the charges against him, he was satisfied with his counsel, and there were no conflicts between himself and his counsel. The court reviewed the plea agreement that had been executed in this case. At that time, Movant affirmed that no one had made any promises to him to induce him to plead guilty that was not contained in the plea agreement. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). When the hearing on his motion to withdraw his guilty plea was held, Movant alleged that his counsel was not prepared for trial and that counsel failed to pursue his right to a speedy trial. He proffered testimony by his father that Cobb had advised Movant that if he took the plea deal, he would probably not serve more than five years, and would have computer access to help the Government. The district court, after hearing the proffer of evidence, did not admit it. Movant's claim that he had been misinformed as to the maximum statutory sentence did not render his guilty plea invalid, according to the Fifth Circuit. *Arbuckle*, 390 F. App'x at 415-19. The Fifth Circuit also held that "to the extent that [Movant] contends that the government's alleged failure to abide by an

8

oral agreement also affected the validity of his plea or the plea agreement, the record does not reflect that [Movant's] guilty plea rested 'in any significant degree' on the alleged promise." *Id*. at 417. Movant has failed to show that his plea was unknowing or involuntary. His first set of objections are without merit.

Certificate of Appealability

Movant's last objection concerns the United States Magistrate Judge's recommendation for the denial of a certificate of appealability. A movant must obtain a certificate of appealability before he can appeal a district court's decision. 28 U.S.C. § 2253(c)(1). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 l. Ed.2d 542 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a COA should issue when the movant shows, at least, that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003).

In this case, Movant has not shown that the decision denying and dismissing his § 2255 motion is wrong or that jurists of reason would find the assessment of his claims debatable. In conclusion, he has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. This objection is also without merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the court. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** on March 28, 2014.

_____
Ron Clark, United States District Judge